UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 2:11-cr-00223-MMD-CWH |
| ) vs. ) | **ORDER** |
| ) MICHAEL FEHLMAN, *et al.*, ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant Michael Fehlman's Motion to Sever (#78), filed on February 29, 2012; the Government's Response (#81), filed March 29, 2012; and Defendant's Reply (#82), filed April 8, 2012.

## BACKGROUND

On June 14, 2012, the federal Grand Jury returned a four count Indictment against the Defendants. (#1). Defendant Fehlman is charged with conspiracy in violation of Title 18, United States Code, Section 371; fraud in violation of Title 18, United States Code Sections 1029(a)(5), (b)(1), and (c)(1)(A)(ii); and fraud in violation of Title 18 United States Code Sections 1029(a)(3) and (c)(1)(A)(I). He is also charged with aiding and abetting in violation of Title 18, United States Code, Section 2. By way of this motion, Defendant Fehlman requests that the Court sever his case from that of his co-defendants.

## DISCUSSION

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder.

*United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id*. (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 877 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*. (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

Defendant's primary argument in favor of severance is that the evidence in this case is much stronger against his co-defendants than it is against him. Defendant claims that he will be prejudiced by joinder because the jury will hear and see "volumes of co-defendants admissions and documented actions, presuming during the entire case in chief, that an equal amount of evidence must exist" against Defendant. Defendant claims this may lead to an "improper conviction based on mere association." It is, of course, possible that the evidence is stronger against Defendant's co-defendants. However, that fact, standing alone, is not sufficient to justify severance. *See United States v. Matta-Ballasteros*, 71 F.3d 754, 754 (9th Cir. 1995) (quoting *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986)

1  ("The mere fact that there may be more incriminating evidence against one codefendant than another
2  does not provide a sufficient justification for separate trials.").
3        Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the
4  evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United*
5  *States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). "The prejudicial effect of
6  evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction
7  by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *United*
8  *States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on
9  the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the
10 insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017 (9th
11 Cir. 1999), *superceded on other grounds by regulation*, (internal citations and quotations omitted).
12 Here, there is nothing to suggest that the potential prejudice identified by Defendant cannot be cured by
13 a limiting instruction.
14       Defendant also appears to argue that severance is appropriate because his role in the alleged
15 criminality was minimal and done without knowledge of the alleged conspiracy. The government may
16 not add a conspiracy count to bypass the requirements of Rule 8(b), the count must be charged in good
17 faith. *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978) (citations omitted). The indictment
18 alleges that Defendants engaged in a "scheme to unlawfully and fraudulently receive, possess, store,
19 conceal, and use stolen and fraudulently obtained property, including but not limited to, Visa prepaid
20 gift card account numbers, and other financial information" that belonged to others to "obtain money,
21 merchandise goods and services" for their gain. *See* Indictment (#1) at ¶ 2. The indictment further
22 alleges that Defendant Fehlman was an active participant in several overt acts in furtherance of the
23 conspiracy. Viewing the available evidence in a light most favorable to the government, the Court is
24 satisfied that the government acted in good faith in including Defendant Fehlman in the conspiracy
25 count. *Adams*, 581 F.2d at 197 (citations omitted).
26       Based on the foregoing, the Court finds that Defendant has not met the "heavy burden" of
27 demonstrating that joinder is so manifestly prejudicial that severance is required. Accordingly,
28       **IT IS HEREBY ORDERED** that Defendant Michael Fehlman's Motion to Sever (#78) is

**DENIED**.

DATED this 26th day of July, 2012.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE